IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| DENOVO BRANDS, LLC, an Arkansas limited liability company,<br><br>　　　　　　　　　　　　　　Plaintiff,<br>　v.<br><br>EQUIPPED OUTDOORS, INC., an Illinois corporation,<br>　　　　　　　　　　　　　　Defendant. | Civil Action No. 5:21-cv-05078-TLB |

## CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION

Plaintiff Denovo Brands, LLC, by its undersigned counsel of record, and the undersigned Defendant Equipped Outdoors, Inc., proceeding *pro se*, being all the parties to this action, hereby jointly stipulate to the following facts, and, based on these stipulated facts, hereby respectfully move that the Court approve and enter this document as a Consent Final Judgment and Permanent Injunction on the terms set out below.

The parties hereby stipulate that there is an appropriate factual basis for the Court to find the following facts, and jointly move that the Court adopt them as its finding of facts in support of the Final Judgment and Permanent Injunction that follows.

1.　　Plaintiff is a limited liability company in good standing organized under the laws of the State of Arkansas, having its principal place of business at 2406 SE Cottonwood Street, Bentonville, Arkansas, 72712.

2.　　Defendant is a corporation organized under the laws of the State of Illinois, having its principal place of business at 20724 Deerpath Road, Deer Park, Illinois, 60010.

3.　　Plaintiff was founded in 2001 under its prior name Fairkeep Holdings, LLC, as a

product development and branding company. It soon began to focus on consumer products to enhance the outdoor experience, and in 2011 it introduced its EQUIP® line of outdoor products.

4. Since 2011, Plaintiff has continuously used the EQUIP mark on a range of outdoor products, including at various times sling hammocks, framed hammocks, hammock accessories, rain and sun shades, bug netting, ponchos that are convertible to slings or ground covers or canopies, backpacks, canvas chairs, hanging pod chairs, and other camping and outdoor goods.

5. Continuously since 2011, Plaintiff has advertised and promoted its EQUIP line of products through its web site at www.equipoutdoors.com. Since 2017, EQUIP products have been sold through the site in ecommerce.

6. In addition to the www.equipoutdoors.com web site, EQUIP products are advertised and promoted by Plaintiff and its retail partners through print media, online advertising, and through social media.

7. EQUIP products are carried by major national retailers, including Walmart, Target, Amazon, Home Depot, and others. Each year Plaintiff generates substantial sales and revenues under the EQUIP mark throughout the U.S., including specifically in Arkansas and in this judicial district.

8. Since introduction, tens of millions of dollars of EQUIP-branded products have been sold.

9. EQUIP hammocks are the best-selling brand of hammocks by unit volume in the country.

10. Plaintiff owns U.S. Trademark Registration No. 4432749 for the standard character mark EQUIP for "hammocks." The registration is valid and subsisting, and provides

prima facie evidence of Plaintiff's ownership and nationwide use of the mark and of its exclusive right to use the mark on and in connection with the goods claimed. A Declaration of Incontestability has been filed with respect to this registration pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, which is awaiting acceptance by the U.S. Trademark Office.

11. Plaintiff also owns U.S. Trademark Registration No. 3915131 for the standard character mark EQUIP for "Camping furniture; Lounge chairs; Outdoor furniture." The registration is valid and subsisting, and has become incontestable pursuant to the provisions of Section 15 of the Lanham Act, 15 U.S.C. § 1065, providing conclusive evidence of Plaintiff's ownership and nationwide use of the mark and of its exclusive right to use the mark on and in connection with the goods claimed.

12. Plaintiff also owns U.S. Trademark Registration No. 5274253 for the mark EQUIP & Design for "Camping furniture; Lounge chairs; Outdoor furniture." The registration is valid and subsisting, and provides prima facie evidence of Plaintiff's ownership and nationwide use of the mark and of its exclusive right to use the mark on and in connection with the goods claimed.

13. The EQUIP mark is a primary means by which Plaintiff's products are distinguished by the consuming public and the trade from the products of others. By virtue of Plaintiff's long and widespread use the EQUIP mark, and the quality of its goods, Plaintiff has obtained and now enjoys a valuable reputation, goodwill, and trust symbolized by the EQUIP mark.

14. Beginning no earlier than 2015, Defendant began offering hammocks and other camping and outdoor goods, including backpacks, lanterns, sleeping bags, tents, and flashlights, under the designation EQUIPPED OUTDOORS.

15. Defendant has sold goods bearing the EQUIPPED OUTDOORS designation to Walmart, Inc., which is headquartered in Arkansas and in this judicial district. As a result, such goods appear in and are offered and sold through the same channels of trade as Plaintiff's EQUIP goods.

16. Defendant also maintains a web site accessible at www.equippedoutdoors.com that advertises and sells its products under the EQUIPPED OUTDOORS designation.

17. Defendant's products are in some cases the identical type of goods as, and in all cases are related to, products that have long been offered by Plaintiff under its well-known EQUIP mark, and are being offered to the same prospective end-use consumers.

18. Under all the circumstances, reasonable consumers encountering Defendant's goods bearing the EQUIPPED OUTDOORS designation are likely to be confused about the source of such goods, in that they are likely to believe that such goods originate from Plaintiff or from the same source as products bearing Plaintiff's EQUIP mark, or that they are licensed by, sponsored by, or approved by Plaintiff as the source of EQUIP goods, or that there is some affiliation or connection between the two companies.

**NOW, THEREFORE,** based on the foregoing findings, it is hereby **ORDERED, ADJUDGED AND DECREED** pursuant to Lanham Act §§ 32 and 34, 15 U.S.C. §§ 1114 and 1116, as follows:

1. This Court has subject matter jurisdiction over the federal claims in this case pursuant to 28 U.S.C. §§ 1331 and 1338, in that they arise under Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125.

2. All parties are properly before the Court.

3. Defendant Equipped Outdoors, Inc., its directors, officers, employees,

representatives, and agents, and any persons or entities in active concert or participation with them having actual notice of this Final Judgment and Permanent Injunction, are hereby permanently enjoined from any use of the designation EQUIPPED OUTDOORS, or any other designation, symbol, or device which is confusingly similar to the EQUIP® mark owned by Plaintiff, on or in connection with the manufacturing, advertising, marketing, offering for sale, sale, and delivery of outdoor products, including but not limited to hammocks, backpacks, lanterns, sleeping bags, tents, flashlights, and other camping and outdoor goods.

4. Defendant and any persons or entities in active concert or participation with it having actual notice of this Final Judgment and Permanent Injunction shall destroy or delete all inventory, equipment, signage, advertising, promotional media, and other materials exposed to the consuming public or the trade in any form or medium displaying the EQUIPPED OUTDOORS designation or the www.equippedoutdoors.com domain name, or any other designation, symbol or device that is confusingly similar to the EQUIP mark owned by Plaintiff.

5. Defendant shall, within ten (10) days of the date hereof, (a) contact in writing each and every third party known to Defendant to have directly or indirectly purchased for resale any products bearing the EQUIPPED OUTDOORS designation, (b) provide each such third party with a copy of this Final Judgment and Permanent Injunction, (c) direct such third party to immediately remove all such inventory from public display, advertisement, or sale, and (d) direct such third party to destroy all such inventory or return it to Defendant for destruction.

6. Defendant and/or any domain name registrar or other person having control of the www.equippedoutdoors.com domain name shall immediately take all necessary steps to transfer ownership of that domain name to Plaintiff.

7. Defendant shall serve upon Plaintiff's counsel a written report under oath within

ten (10) days after service of notice of entry of this Final Judgment and Permanent Injunction, setting forth details of the manner in which Defendant has complied with paragraphs 3 through 6 above.

8. The clerk is hereby directed to enter this Final Judgment and Permanent Injunction as a final judgment pursuant to Rule 58(b)(2), F.R. Civ. P., and to close the file, but the Court shall retain jurisdiction of this matter, and the case may be re-opened upon motion of any party to enforce the terms of this Final Judgment and Permanent Injunction, or to apply for such other and further relief as may be necessary for the purpose of carrying out its terms.

9. This Order may also be enforced in a separate action in this or any other appropriate court.

SO ORDERED this 2nd day of August, 2021.

_____
Timothy L. Brooks
United States District Judge

**SO STIPULATED BY THE PARTIES:**

**By Defendant Equipped Outdoors, Inc.:**

The corporate signatory below, Richard Weidner, hereby represents to the Court that he is the President of Defendant Equipped Outdoors, Inc.; that he has full power and authority to enter into this stipulation on Defendant's behalf; that Defendant has had a full opportunity to consult an attorney concerning the consequences of stipulating to this Consent Final Judgment And Permanent Injunction, and prior to entering into this stipulation has obtained advice from counsel of its choosing; that this Consent Final Judgment And Permanent Injunction is stipulated to by Defendant Equipped Outdoors, Inc. as its own free and voluntary act with full knowledge

and understanding of the nature of the action and duties imposed by the Permanent Injunction; and that Defendant agrees to its entry without further notice or hearing.

Richard Weidner, President
Equipped Outdoors, Inc.

State of  Illinois

County of  McHenry

This  21  day of  July , 2002. Richard Weidner personally came before me,  Dawn McMichael , Notary Public for said County and State, who, being by me duly sworn, says that he is President of Equipped Outdoors, Inc., an Illinois corporation, and that the foregoing instrument in writing was signed by him on behalf of said corporation by its authority duly given, and the said President acknowledged the said writing to be the act and deed of said corporation.

WITNESS my hand and official seal, this the 21 day of July , 2021.

[Official Seal]

DAWN MCMICHAEL
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
January 07, 2024

Notary Public
My commission expires: 1/7/24

**By Plaintiff Denovo Brands, Inc.:**

Dated: July 28, 2021

Respectfully Submitted,

Marshall S. Ney, AR Bar No. 91,108
FRIDAY, ELDREDGE & CLARK, LLP
600 S. 52nd St., Suite 200
Rogers, Arkansas, 72758
Telephone: (479) 695-2011
Facsimile: (479) 845-4363
Email: mney@fridayfirm.com

/s/ Rodrick J. Enns
Rodrick J. Enns
*Admitted pro hac vice*
N.C. State Bar No. 12151
ENNS & ARCHER LLP

7

939 Burke Street
Winston-Salem, NC 27101
Telephone: (336) 723-5180
Facsimile: (336) 723-5181
E-mail: renns@ennsandarcher.com

*Attorneys for Plaintiff Brands, LLC*